UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEVIN COLEMAN                              CIVIL ACTION NO. 04-0494

versus                                     JUDGE HICKS

WARDEN LOUISIANA STATE                     MAGISTRATE JUDGE HORNSBY
PENITENTIARY

**REPORT AND RECOMMENDATION**

**Introduction**

Kevin Coleman ("Petitioner") was convicted by a Webster Parish jury of two counts of first degree murder. The elderly victims were beaten about the head, their throats were slashed and, while they were still alive, a caustic chemical solution was poured down their throats. Petitioner, who had performed yard work for the victims, became a suspect and eventually gave two statements in which he admitted that he committed the murders. Petitioner later moved to suppress those statements, but they were admitted along with other evidence, and Petitioner was convicted. The jury was not able to unanimously agree on the death penalty, so the trial judge imposed the mandatory life sentence for each count and ordered that they be served consecutively.

Petitioner pursued several issues on direct appeal. He raised additional issues in a post-conviction application. Petitioner then filed his petition for federal habeas relief. During the screening process, the court noted that the information provided in the federal petition suggested that the petition was untimely. Petitioner was notified of that possible

defense and afforded the opportunity to file a response and show why his petition is timely. See Doc. 10 at pp. 5-6. Petitioner filed a response (Doc. 11).

The court then ordered that the State produce a complete record of the state court proceedings and respond to the petition. The State filed a response but did not raise the timeliness issue as a defense. The court, however, may raise the limitations defense *sua sponte* if it affords the petitioner fair notice and an opportunity to present his position. Day v. McDonough, 126 S.Ct. 1675 (2006). The court has complied with that requirement through the above-described procedures. After reviewing the timeliness issue, now with the benefit of the full record, it is recommended that the petition be dismissed as untimely.

**Timeliness Calculations**

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first task, then, is to determine the date on which Petitioner's conviction became final after direct review.

Petitioner challenged his conviction on direct appeal to the intermediate appellate court. State v. Coleman, 756 So.2d 1218 (La. App. 2d Cir. 2000). Petitioner then filed an application for a discretionary writ to the Supreme Court of Louisiana, which denied the application on March 23, 2001. State v. Coleman, 787 So.2d 1010 (La. 2001). Petitioner did not file a petition for certiorari to the United States Supreme Court. In these circumstances,

Petitioner's conviction is deemed final and commences the running of the federal limitations period when the 90-day period for filing a petition for certiorari to the Supreme Court expires. Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004); Wilson v. Cain, 2006 WL 3759686 (W.D. La. 2006). Thus, Petitioner's conviction became final for federal habeas purposes 90 days after the Supreme Court of Louisiana denied writs on March 23, 2001. That date is June 21, 2001.

The federal limitations clock began to tick on June 21, 2001, and it ran until Petitioner filed in the state court an application for post-conviction relief. 28 U.S.C. § 2244(d)(2) (a properly filed post-conviction application tolls the federal limitations period). All time that passed during the interim between finality of the conviction and the filing of the post-conviction application is counted against the one-year period. Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998). The filing of the post-conviction application does not delay or restart the one-year period. Its effect is that the time during which it is pending is excluded from the one-year calculation. See Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir. 2004).

A Louisiana prisoner's *pro se* post-conviction application is deemed "filed" when he delivers it to prison authorities for forwarding to the court. LeBeuf v. Cooper, 2007 WL 1010296 (5th Cir. 2007) ("We have extended the mailbox rule to determine the filing dates for Louisiana postconviction relief PCR applications."), citing Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir.2006). Petitioner's post-conviction application is stamped filed on March 25, 2002, and the only dated "signature" on the document is that same date. The

signature line of the affidavit attached to the application has written on it "s/ Kevin Coleman - 02" and is dated March 25, 2002. See Doc. 11, Exhibit G. It appears that someone, perhaps a family member or friend, affixed Petitioner's signature and filed the document on the same date. (The state trial court denied the application for lack of a proper signature.) Petitioner does not contend, and he has not produced evidence to suggest, that he tendered the application to prison officials at an earlier date, so there is no basis to apply the mailbox rule to find a filing date earlier than March 25, 2002. Assuming the unsigned post-conviction application was "properly filed," 277 days passed between finality of the conviction and the tolling effected by the application. That left Petitioner 88 days to file a federal petition once the tolling effect ceased.

Petitioner's post-conviction application was denied by the state courts at all levels. The final step was when the Supreme Court of Louisiana denied an application for a discretionary writ on October 10, 2003. State ex rel Coleman v. State, 855 So.2d 336 (La. 2003). The Supreme Court recently held that the filing of a petition for certiorari after the state's high court denies a post-conviction application does *not* continue the tolling effect of the application. Lawrence v. Florida, 127 S.Ct. 1079 (2007). The Fifth Circuit had already held that the 90 days during which a state habeas petitioner might petition the United States Supreme Court (if, as in this case, no petition were filed) is not included in determining the time that a post-conviction application tolls the federal limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999). Lawrence reinforces that holding. The 90-day certiorari

period is counted when determining when a conviction is final (as discussed above), but differences in statutory language, as discussed in Lawrence, exclude the 90-day period from determining the tolling effect of a post-conviction application.

Thus, with 277 days already expired, the federal clock began to run again on October 10, 2003 when the Supreme Court of Louisiana denied an application for a discretionary writ with respect to the post-conviction application. Petitioner's next action was to file his federal petition with this court, which was received by the clerk of court on February 23, 2004. The federal petition also benefits from a prisoner mailbox rule that deems the federal petition filed when the prisoner tenders it to prison officials for mailing to the district court. Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998). The mailbox rule applies even if the prisoner, as did Petitioner, fails to pay the required filing fee at the time the petition is turned over for mailing. Id. at 377. Petitioner did not date his signature at either of the places where he affixed it to his petition, but the envelope delivered to this court bears a postmark of February 19, 2004. A total of 132 days passed between October 10, 2003 and February 19, 2004. When those days are added to the 277 days that expired earlier, a total of 409 untolled days passed between the finality of Petitioner's conviction and the postmarking of his federal habeas petition. Thus, the federal petition was postmarked approximately 44 days after the limitations period expired. There is no suggestion in the record that Petitioner tendered his petition to prison officials for mailing more than 44 days prior to the item being postmarked. Accordingly, the petition is time-barred.

**Statutory Tolling**

After the court notified Petitioner of his limitations problem, Petitioner filed a response (Doc. 11). Petitioner stated that he could not afford an attorney to handle his post-conviction proceedings, complained that the State does not provide attorneys for post-conviction litigation, and noted his lack of general and legal education. Petitioner stated that, because of those conditions, "he was forced to trust in and he turned his legal work over to inmate counsel substitute Victor Johnson, who erroneously allowed petitioner's time to file his federal habeas corpus (to) expire."

Petitioner asserts that his circumstances amount to a "state created impediment" to filing. That assertion invokes a statutory exception to the general rule that the limitations period commences upon finality of the state court conviction. The exception applies when there is an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States ... if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). The exception does not apply.

The State is not obligated to provide counsel to assist an inmate with the preparation of a post-conviction application. Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991). The constitutional right to counsel ends after the first appeal of right is completed. See Clark v. Johnson, 227 F.3d 273, 283 (5th Cir. 2000). Accordingly, the State did not create an unconstitutional impediment to filing by not appointing Petitioner a lawyer. Petitioner cites Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003), but that case held that a prison law library

that did not contain a copy of the AEDPA or any other federal materials constituted an impediment for purposes of the statute. The holding in Egerton has been described as "extremely circumscribed" and not subject to expansion far beyond the narrow and unusual set of facts presented in that case. See Deaver v. Quarterman, 2007 WL 1135342, n.8 (N.D. Tex. 2007); Neal v. Bradley, 2006 WL 2796404 (N.D. Miss. 2006). Petitioner does not contend that the library at Louisiana State Penitentiary did not contain copies of the relevant habeas statutes. His conclusory assertion of an inadequate library is insufficient to establish a state-created impediment that would alter the commencement of his limitations period. In the context of a plea for equitable tolling (discussed below), the Fifth Circuit has held that a mere claim of an inadequate law library does not warrant tolling. Scott v. Johnson, 227 F.3d 260, 263 n. 3 (5th Cir. 2000).

**Equitable Tolling**

Petitioner has not specifically invoked equitable tolling, but prisoners in his position often do so based on similar facts. The Supreme Court has not yet decided whether the federal habeas limitations may be equitably tolled, but in Lawrence v. Florida, 127 S.Ct. at 1085, the Court assumed without deciding that equitable tolling is available in habeas cases. The doctrine, if available, would apply only when a petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way. Id.; Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007).

The petitioner in <u>Lawrence</u> was represented by counsel in his death penalty proceedings, and he urged that his counsel's mistake in miscalculating the limitations should entitle him to equitable tolling. The Supreme Court rejected that contention, noting that such an argument would allow every person whose attorney missed a deadline to invoke the doctrine of equitable tolling, which is reserved for extraordinary circumstances. If the attorney miscalculation in <u>Lawrence</u> was insufficient to warrant equitable tolling, the inmate paralegal miscalculation in this case is also inadequate. See <u>Marshall v. Cain</u>, 2000 WL 1056117 (5th Cir. 2000) (equitable tolling not applicable when inmate counsel incorrectly interpreted the habeas filing deadline); <u>Melancon v. Kaylo</u>, 259 F.3d 401, 408 (5 th Cir.2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); and <u>Johnson v, Quarterman</u>, 483 F.3d at 286 ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling."). Petitioner is not entitled to equitable tolling under those demanding standards.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's **Petition for Writ of Habeas Corpus** be **denied as untimely** and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of July, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE